## Bitner v. Strickner, Appellant.

*Costs—Trespass—Obstructing water course—Interference with pavement.*

Where in an action of trespass to recover damages for the obstruction of a water course by the filling up of a lot contiguous to the plaintiff's lot, and for interference with plaintiff's pavement, there is evidence that the filling up of the lot was the act of a predecessor in title of defendant, and the jury returns a verdict for $1 in favor of the plaintiff, the court commits no error in entering judgment generally for the costs in favor of the plaintiff, and not limiting the costs to the amount of the verdict in pursuance of Statute 22 and 23 Car. II, c. 9.

Argued March 11, 1918. Appeal, No. 22, March T., 1918, by defendant, from order of C. P. Cumberland Co., Sept. T., 1914, No. 21, entering judgment for costs on verdict in case of J. S. Bitner v. John C. Strickner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for the obstruction of a water course and for interference with plaintiff's pavement.   Before GILLAN, P. J.

At the trial the jury returned a verdict for plaintiff for $1.   On a motion that judgment be entered without costs, or with no more costs than damages, GILLAN, P. J., filed the following opinion:

The plaintiff and defendant are owners of adjoining lots.   The plaintiff's statement alleges "that defendant by means of changing the flow of surface-water overflowed and damaged his, the plaintiff's lot, and also that he took up a part of the plaintiff's paved sidewalk."   The only plea is "not guilty."   The jury returned a verdict for one dollar.

The evidence was that the Enola Realty Company had owned both these lots.   Each party now owns by conveyance from the Enola Realty Company.   The plaintiff bought first.   The Enola Realty Company changed the course of the flow of surface water so that it flowed over the lot now owned by defendant and not over the lot of plaintiff, having before that time flowed over both lots. Subsequently the way provided for the flow of the water over the lot now owned by defendant was filled up so that the water flowed over plaintiff's lot.   The evidence left some uncertainty as to the time when the defendant purchased.   There was no uncertainty as to when he got his deed, but there was some uncertainty whether or not the property had been purchased prior to the passing of the deed.   This raised the question as to who it was who filled up the lot, whether the Enola Realty Company or the defendant.   There was no doubt as to who interfered with and broke plaintiff's paved sidewalk.   The defendant himself testified that he raised his own sidewalk and that when he came to Mr. Bitner's pavement he raised a block of his, Bitner's pavement and made an inclined plane so that people would not stumble over it.   The raising of the pavement and the filling up of the lot was all

a part of one plan to prevent the surface water from flowing over the lot of the defendant.

The jury was instructed, in accordance with the doctrine of Sharpe v. Scheible, 162 Pa. 341, that the Realty Company having sold the lot to plaintiff and having changed the flow of the water which gathered on the public road so that it flowed over the lot subsequently sold to the defendant, the defendant, if after he bought filled up his lot so that it caused the water to flow over the lot of the plaintiff, was liable in damages. The jury were also instructed that the defendant was liable in damages for the interference with the pavement. The jury evidently found that the Enola Realty Company, and not the defendant, filled up the lot because they found damages only for interference with the pavement.

Prior to the Practice Act of 1887, the action for damages for filling up the lot would have been trespass on the case and for the interference with the pavement trespass quare clausum fregit. [By the Act of 25 May, 1887, the distinction between actions ex delicto is abolished, and all damages are to be sued for and recovered in one action to be called an action of trespass.]

The defendant in asking that judgment be entered for no more costs than damages does it of course in pursuance of Statute 22 & 23 Car. II, c. 9. This statute is in force in Pennsylvania: Winger v. Rife, 101 Pa. 152. The statute has always been confined to trespassed q. c. f. and assault and battery: ROWE, J., in Winger v. Rife, 101 Pa. 157, approved by the Supreme Court. [In the case at bar the plaintiff could not under our law have split his action and brought one action for injury to the sidewalk and another for the closing of the water course.] The injury complained of here was the diverting of the water to the injury of the plaintiff's land. It is charged in the pleading and it appears by the evidence that the whole thing was intended on the part of the defendant to prevent the water from flowing over his lot without regard to the injury it might do the plaintiff's

lot. The remedy was by action of trespass and the statute above cited does not apply.

[Now, 14 May, 1917, motion that judgment be entered without costs or with no more costs than damages denied, and the prothonotary will enter judgment on the verdict for one dollar and costs on the payment of the jury fee.]

*Error assigned* was the order of the court.

*E. M. Biddle, Jr.,* for appellant.—The appellant contends that even if the judgment in favor of the plaintiff should be sustained, that the plaintiff was only entitled to costs to the extent of the verdict, its amount being under forty shillings. As argued above, that branch of the case was trespass, q. c. f.

"The Act of 22 and 23, Charles II, Chapter 9, relating to costs where the damages are under forty shillings, is in force in Pennsylvania": Winger v. Reiff, 101 Pa. 152; Knappenberger v. Roth, 153 Pa. 614. And under these authorities the learned court below should at least have sustained the defendant's motion that judgment should be entered for only as much costs as damages.

*J. W. Wetzel,* for appellee.—An examination of the pleadings will show, that the remedy in this case prior to the Procedure Act of 1887, would have been one, on the case. To this action, the Statute of Charles II, Chap. 9, does not apply: Savage v. McHale, 8 Dist. Rep. 560; Stepp v. Lenker, 43 Pa. C. C. R. 696.

OPINION BY HENDERSON, J., July 10, 1918:

The plaintiff brought an action of trespass against the defendant, alleging that the latter had obstructed a watercourse and changed the level of his lot contiguous to a lot of the plaintiff, so that water, which formerly and naturally flowed or fell on the defendant's land, was discharged on to plaintiff's property, and that in the course of the filling and grading of the defendant's lot

the continuity of the grade of the footwalk in front of the premises of plaintiff and defendant was broken, so that a part of the plaintiff's sidewalk was left on a dangerous slope.

The case was tried three times. At the first trial there was a verdict for the defendant. A new trial was granted, and at the second trial there was a verdict for $5.33 in favor of the plaintiff. A second new trial was granted, and at the third trial a verdict for one dollar was rendered in favor of the plaintiff. The principal question presented on the appeal is, whether the court should have entered judgment for costs corresponding with the verdict as in the case of trespass quare clausum fregit. The court concluded from the amount of the verdict, as indicated in an opinion refusing a new trial, that the jury found the predecessor in title of the defendant filled up the lot and the defendant was only responsible for the change in the pavement, but that the latter work was a part of the general plan to change the grade of the lot, and therefore involved in the plaintiff's cause of action. The position of the appellant is, "That the branch of action upon which the plaintiff was successful was in substance a form of action of trespass quare clausum fregit"; that the only injury that could result to the plaintiff was direct and immediate and not consequential.

The case must be disposed of in accordance with the pleadings and evidence, and an examination of the record leads us to the conclusion that the court was correct in holding that the alteration of the lot along the street line was a part of the change complained of in the statement of claim, and with reference to which testimony was offered. The injury alleged by the plaintiff was consequential to the change of the level of the defendant's lot. It was alleged that by filling in the lot, the erection of the building, and the raising of the pavement the plaintiff's property was prejudicially affected.

This injury would have been redressed in an action

on the case at common law, and is not affected by the statute of Charles II, relating to costs in actions of trespass. The raising of the sidewalk was alleged to have been one of the causes of the plaintiff's injury, and evidence was introduced in support of that allegation. There is no clear line of cleavage disclosed by the testimony on which it could be confidently held that injury arising from the change in the sidewalk was entirely distinct from that resulting from the other changes complained of, and that there could therefore be such a division of the case as the appellant contends for in support of his position that the statute referred to should apply as in the case of a trespass at common law.

We are not convinced that the learned trial judge committed any error which requires the reversal of the judgment.

Judgment affirmed.